Mr. Chief Justice Alvey
delivered the opinion of the Court:
The motion to vacate the entry of dismissal of the appeal and to reinstate the case on the docket of this court, must be denied.
The appeal was taken to this court from a judgment rendered in the court below on an appeal to that court from a udgment rendered by a justice of the peace. No appeal *234 lies to this court in such case, except where the court below proceeds without jurisdiction and renders a judgment without authority of law. To entitle the party appealing to have the case reviewed by this court, the want of jurisdiction of the court below must plainly appear upon the face of the record. Mere inference or conjecture will not do.
The justice of the peace had jurisdiction, and the appeal gave the Supreme Court of the District jurisdiction of the case that was taken up to that court. The case was therefore properly in the Supreme Court for trial, and was tried there de novo.
It is alleged, however, that the cause of action was changed after the appeal was taken and before trial in the court below. But it does not appear that there was any real change in fact, in the cause of action, except the addition of one item to tbe bill of particulars upon which the action was originally brought. The original bill of particulars, upon which the justice of the peace tried the case, amounted to $32 ; but there seems to have been an agreement by which the plaintiff agreed to take in satisfaction the sum of $25. Before the case was tried on appeal, the plaintiff added to his bill of particulars an item for certain services rendered, amounting to $10, making the entire bill of particulars, as thus added to or amended, foot up $42, instead of $32, as originally filed. The case was tried before a jury, and a verdict was rendered for $25, the amount that the plaintiff had agreed to accept in satisfaction of his claim. There was then a motion for a new trial made by tbe defendant, and it is alleged that the want of jurisdiction to try the case on the.bill of particulars, as amended or added to, was one of the grounds taken in support of the motion. The motion, however, was overruled, upon condition that the plaintiff would remit all of the verdict except $10; and that being done, judgment was entered upon the verdict for that amount; and it is from that judgment that this appeal is taken.
*235 There can be no question of the rightful jurisdiction of the court below over the appeal brought in from the judgment of the justice of the peace, and that jurisdiction was not defeated by the erroneous addition of the $10 item to the bill of particulars before the trial in the court below. It was, doubtless, error to' allow the new item to be added to the account, but that error did not extend to the account that was brought in on the appeal; and there is nothing in the record before us to show that there was proof offered and admitted of that particular item, or that the added item was included in or formed any part of the amount awarded by the jury, or that it was embraced in the amount for which judgment was entered, after the remittur by the plaintiff. We can not presume that it was included. Indeed, the presumption is that it was not. There is nothing, therefore, on the face of the record, to warrant this court in declaring that the judgment appealed from was rendered without jurisdiction. The motion to reinstate the case must therefore be denied. Motion denied.